**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| LAUREN GRYNIEWSKI; and | |
| ROUND THREE PHOTOGRAPHY, LLC, | Civil No. 25-1157 (JRT/EMB) |
| Plaintiffs, | **MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| SLEEP NUMBER CORPORATION, | |
| Defendant. | |

David C. Deal, **DEAL COPYRIGHT LAW**, P.O. Box 625, Charlottesville, VA 22902; Douglas C. Mezera, **BARTZ & BARTZ, P.A.**, 5100 Edina Industrial Boulevard, Suite 235, Edina, MN 55439, for Plaintiff Lauren Gryniewski.

Adam Wolek, Clarissa L. Sullivan, Katherine M. Geneser, and Lukas D. J. Toft, **FOX ROTHSCHILD LLP**, 33 South Sixth Street, Suite 3600, Minneapolis, MN 55402, for Defendant.

Plaintiff Lauren Gryniewski is a photographer and the sole owner and employee of Plaintiff Round Three Photography ("Round Three"; together, "Plaintiffs"). Round Three entered into a licensing agreement with Defendant Sleep Number Corporation ("Sleep Number"), which granted Sleep Number the right to publish a copyrighted photograph Gryniewski took of a Sleep Number store (the "Photograph"). After Gryniewski discovered that Sleep Number had used the photo without providing credit to her or Round Three, Gryniewski initiated this case. Round Three has since been joined as a

Plaintiff.  Plaintiffs allege copyright infringement, contributory copyright infringement, and violations of the Digital Millenium Copyright Act (DMCA).

Sleep Number has moved to dismiss Plaintiffs' First Amended Complaint.  Because the Court concludes that Plaintiffs have standing and have plausibly alleged a copyright infringement claim, the Court will deny Sleep Number's motion as to Count 1.  The Court will, however, grant Sleep Number's motion to dismiss as to Counts 2 and 3.

## BACKGROUND

**I.      FACTUAL BACKGROUND**

**A.      The Agreement**

Gryniewski is a commercial photographer who specializes in architectural photography.  (First Am. Compl. ("Am. Compl.") ¶ 1, June 26, 2025, Docket No. 21.)  Round Three serves as "the business entity for [her] photography and videography work."  (*Id*. ¶ 2.)  Gryniewski is Round Three's "founder, owner, and sole member."  (*Id*.)

On July 8, 2022, Round Three and Sleep Number executed a Photography Services Agreement ("Agreement").  (*Id*. ¶ 7; Decl. of Clarissa Sullivan ¶ 2, Ex. A (the "Agreement"), July 10, 2025, Docket No. 27.[1])  The Agreement states that the "Photographer shall

---

[1] The Court will consider the full copy of the Agreement attached as Exhibit A to the Declaration of Clarissa Sullivan at the motion to dismiss stage because the Court considers this document to be "necessarily embraced by the pleadings."  *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

provide to [Sleep Number] the photography services described . . . in accordance with the criteria set forth herein[.]" (Agreement ¶ 1.)  The Agreement further provides:

> Photographer, on the condition of full compliance with this Agreement, including receipt of the Final Payment (as defined in Section 12 below) and Attribution duties (Section 7 below), hereby grants to [Sleep Number]Client a non-exclusive, fully paid-up, and royalty-free right and license to use the Photographs, subject to the following conditions[.]

(Agreement ¶ 5.)   Under the Agreement, Sleep Number could use Round Three's photographs in a variety of formats, including:

- "Client publications . . . whether in print or electronic form";

- "Client's websites, social media pages, emails, competition entries, portfolios, annual reports, brochures, pamphlets, posters, or press releases"; and

- "[W]eb editorial, print advertising in trade journals, editorial coverage in trade journals, and consumer print advertising up to 1/4 page."

(Am. Compl. ¶ 9).  However, the Agreement also required Sleep Number to provide Plaintiffs with credit for the Photograph:

> [Sleep Number] agrees, for any and all use of the Photographs, including Client Publications and Outside Publications, to conspicuously indicate Photographer as the source of the Photographs.  Failure to properly credit or tag Photographer will constitute copyright infringement.

(*Id*. ¶ 10.)

Before the Agreement took effect, Gryniewski corresponded with a vice president at Sleep Number over email about permissible uses for the Photograph.  (*Id*. ¶ 22.) Gryniewski clarified that Round Three should be credited with each usage of the

Photograph and that Sleep Number could use her images in "publications and feature editorial content." (*Id*. ¶¶ 22–23.)

### B.    Alleged Copyright Infringement

Plaintiffs allege that Sleep Number committed copyright infringement through its publication of the Photograph numerous times between September 1, 2022, and November 26, 2024, including:

- Sleep Number posted the Photograph to its website in various formats without providing the required attribution. (*E.g.*, *id.* ¶¶ 31–32.)

- Sleep Number used the Photograph in several nationally-televised commercials without attribution.  (*Id*. ¶¶ 37– 42.)

- Sleep Number made the Photograph available to be downloaded in high resolution on its website.  (*Id*. ¶ 34.)

- Sleep Number used the Photograph on its YouTube channel without attribution. (*Id*. ¶ 46.)

Plaintiffs also allege that "numerous third parties copied and displayed [the Photograph] without proper license or permission from Gryniewski or [Round Three]."  (*Id*. ¶ 36; *see also id.* at 16–31.)

### C.    Assignments Between Gryniewski and Round Three

On June 26, 2025—after Gryniewski filed her initial Complaint, but before Plaintiffs filed the First Amended Complaint—Gryniewski and Round Three executed two assignments intended to retroactively assign legal rights concerning the Photograph.  The

first assignment stated that, as of July 7, 2022, Gryniewski assigned ownership and the right to enforce the Copyright to Round Three; the second assignment states that as of August 16, 2022, Round Three assigned those same rights back to Gryniewski. (*Id*. ¶¶ 18–21.) In relevant part, the second Assignment—from Round Three to Gryniewski—states that "[Round Three] hereby assigned unto [Gryniewski] *nunc pro tunc* effective as of August 16, 2022, all right, title, and interest in and to [the Photograph] . . . including . . . the right to enforce right, title and interest in and to said Works, including copyright, in U.S. District Court or any proper court of law." (*Id*. ¶ 20.)

## II.    PROCEDURAL BACKGROUND

Gryniewski filed a Complaint on March 31, 2025. (Docket No. 1.) Sleep Number then moved to dismiss, relying primarily on the fact that Round Three, not Gryniewski, owned the Photograph. (Mot. Dismiss, June 5, 2025, Docket No. 10.)[2] Gryniewski and Round Three then executed the retroactive assignments described above, after which Plaintiffs, together, filed a First Amended Complaint on June 26, 2025. (Docket No. 21.)

Plaintiffs' First Amended Complaint brings three counts. Count 1 alleges Copyright Infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*. (Am. Compl. ¶¶ 60–69.) Count 2 alleges "Contributory Infringement." (*Id.* ¶¶ 70–73.) Count 3 alleges "Removal

---

[2] Given the filing of the First Amended Complaint, the Court will deny this Motion to Dismiss as moot.

and Alteration of Integrity of Copyright Management Information" under the DMCA, 17 U.S.C. § 1201 *et seq.* (*Id.* ¶¶ 74–75.)

Sleep Number filed its Motion to Dismiss Plaintiffs' First Amended Complaint on July 10, 2025. (Mot. Dismiss, July 10, 2025, Docket No. 24.) Sleep Number argues the First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem.") at 1, July 10, 2025, Docket No. 26.)

**DISCUSSION**

**I.    RULE 12(B)(1) MOTION TO DISMISS**

**A.    Standard of Review**

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims. In deciding a motion under Rule 12(b)(1), the Court must first distinguish between a "facial attack" and a "factual attack." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914–15 (8th Cir. 2015) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). In a facial attack, the court reviews only "the face of the pleadings and the non-moving party receives the same protections as it would defending against" a Rule 12(b)(6) motion. *Id.* By contrast, in a factual attack, the court may consider matters

outside the pleadings, and the nonmoving party does not "enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Id.* at 915.[3]

The Court has subject matter jurisdiction only over actual cases or controversies. U.S. Const. art. III, § 2.  For an actual case or controversy to exist, a plaintiff must have standing.  A plaintiff has standing when they have (1) suffered a "concrete and particularized" injury, (2) that is "fairly traceable" to the defendant's actions, and (3) the injury is "likely to be redressed by a favorable decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016).

**B.    Analysis**

Under the Copyright Act, "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."  17 U.S.C. § 501(b).  Ownership of a copyright, including the right to sue to enforce it, is transferrable under the Copyright Act. *Id.* § 204(d).  Sleep Number argues that at the time Gryniewski initiated this case, Round Three was the sole owner of the Photograph and possessed the "exclusive right . . . to institute an action" under the Copyright Act.  *See id.* § 501(b).  Round Three was not a Plaintiff in the initial Complaint—and Sleep Number, relying on the principle that standing "must exist at the outset of the litigation," *see Friends of the Earth, Inc. v. Laidlaw Env't*

---

[3] Sleep Number does not specify whether its motion here is a factual attack or a facial attack.

*Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000), argues that the subsequent retroactive assignment of ownership to Gryniewski cannot remedy the fact that Gryniewski, in her individual capacity, did not have standing to bring a copyright claim when she filed her initial Complaint.  Sleep Number therefore argues that the Court must dismiss this case for lack of subject matter jurisdiction.

The Court rejects Sleep Number's standing arguments.  First, the Court is not persuaded that Gryniewski lacked standing to bring the initial Complaint, even as the sole plaintiff, given her role as the sole owner of Round Three and the references to her role as the photographer throughout the Agreement.  However, even if the Court were to assume she did lack standing at that point, relevant Eighth Circuit case law on this issue suggests that the retroactive assignments executed by Gryniewski and Round Three are sufficient to remedy this defect.  In *Dubuque Stone Products Co. v. Fred L. Gray Co.*, the Eighth Circuit held that an assignment of the right to bring suit was valid even though "it was made after this suit has been filed" because the defendant "suffered no prejudice therefrom" and because the subsequent assignment "merely . . . prevent[ed] a later suit by" the assignor.  356 F.2d 718, 724 (8th Cir. 1966).  The same is true here.  Moreover, given that Gryniewski and Round Three are now **both** joined as Plaintiffs in this action, the Court concludes that dismissal based on the invalidity of the ownership assignments would be a strange and inefficient result.  *Cf. Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995) ("Therefore, we agree that, where there is

no dispute between the copyright owner and the transferee about the status of the copyright, it would be unusual and unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement.").

Accordingly, the Court will deny Sleep Number's Motion to Dismiss under Rule 12(b)(1).

## II.   RULE 12(B)(6) MOTION TO DISMISS

### A.   Standard of Review

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  At the motion to dismiss stage, the Court may consider the allegations in the complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).  Although the Court accepts the complaint's factual allegations as true and construes the complaint in a light most favorable to the plaintiff, it is "not bound to accept as true a legal conclusion couched as a factual

allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In other words, a complaint "does not need detailed factual allegations" but must include "more than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B.   Count 1: Copyright Infringement

Plaintiffs allege that Sleep Number committed copyright infringement under the Copyright Act, 17 U.S.C. § 501, when it "reproduced, distributed, and publicly displayed [the Photograph]" in violation of the Agreement, and thus, "without authorization from Gryniewski." (Am. Compl. ¶ 63.)  Plaintiffs' allegations supporting their claim of copyright infringement fall into two general categories: first, that Sleep Number failed to provide credit to Gryniewski and Round Three for taking the Photograph, when such credit was expressly required under the Agreement; and second, that Sleep Number published the Photograph in manners not authorized by the Agreement.  Sleep Number argues that none of Plaintiffs' allegations support a plausible claim under the Copyright Act.

### 1.   Failure to Provide Credit

Sleep Number argues that its failure to credit Round Three and Gryniewski when publishing the Photograph—despite attribution being clearly required under the Agreement—cannot support a claim for copyright infringement.  Sleep Number invokes "[t]he generally prevailing view in this country under copyright law . . . that an author who sells or licenses her work does not have an inherent right to be credited as author of the work," and, accordingly, a licensee authorized to reproduce the work does not infringe

the author's copyright by omitting the author's name. *Graham v. James*, 144 F.3d 229, 236 (2nd Cir. 1998) (quoting 3 *Nimmer on Copyright* § 8D.03[A][1], at 8D–32)).

However, Plaintiffs do not rely merely on a freestanding right for authors to be credited under the Copyright Act. Rather, their claim is based on the fact that the Agreement **expressly states** that "[Sleep Number] agrees, for any and all use of the Photographs, including Client Publications and Outside Publications, to conspicuously indicate Photographer as the source of the Photographs." (Agreement ¶ 7.) The Agreement further provides that "[f]ailure to properly credit or tag Photographer will constitute copyright infringement." (*Id.*)

Relying on these terms of the Agreement, Plaintiffs argue that because Sleep Number published the Photograph without crediting Gryniewski or Round Three, Sleep Number's license to publish the Photograph never came into existence. "Generally, if [a] licensee's improper conduct constitutes a breach of a covenant undertaken by the licensee . . . and if such covenant constitutes an enforceable contractual obligation, then the licensor will have a cause of action for breach of contract, not copyright infringement." *Graham*, 144 F.3d at 236–37 (citation modified). "However, [i]f the nature of a licensee's violation consists of a failure to satisfy a condition to the license . . . , it follows that the rights dependent upon satisfaction of such condition have not been effectively licensed, and therefore, any use by the licensee is without authority from the licensor and may therefore, constitute an infringement of the copyright." *Id.* at 237

(alteration in original) (emphasis added). Plaintiffs argue that the requirement to provide credit to Plaintiffs constituted a **condition** and that Sleep Number's use of the Photograph without a valid license gives rise to a cause of action for copyright infringement.

It may well be true that this case fits more neatly as a breach-of-contract claim than a copyright-infringement claim. But the Agreement states that Sleep Number's non-exclusive license to use the Photograph is contingent "on the condition of full compliance with this Agreement." (Agreement ¶ 5.) Plaintiffs allege that Sleep Number violated the Agreement's condition that Sleep Number must "conspicuously indicate Photographer as the source of the Photographs." (*Id.* ¶ 7.) Therefore, the Court concludes that the facts alleged in Plaintiffs' Amended Complaint give rise to a plausible claim that that Sleep Number, in wholly failing to satisfy a material condition of the Agreement, voided the license—thereby giving rise to a copyright infringement claim. Accordingly, the Court will deny Sleep Number's motion to dismiss on these grounds.

### 2.    Use of Photograph

Plaintiffs also allege that Sleep Number published the Photograph in formats that were not authorized under the Agreement—including on Sleep Number's website, YouTube channel, and in television advertisements. Although the Agreement expressly authorizes Sleep Number to publish the Photograph on its "websites [and] social media pages," (Agreement ¶ 5.1), it does not make express reference television advertisements. Whether the Agreement implicitly authorizes such use is a question not ripe for resolution at this stage. Therefore, even if Sleep Number's failure to provide attribution does not

support a claim for copyright infringement, the allegation that Sleep Number exceeded the scope of the license by using the Photograph in television advertisements gives rise to a plausible claim for relief.

For all these reasons, the Court will deny Sleep Number's motion to dismiss as to Count 1.

### C.        Count 2: Contributory Infringement

Sleep Number also moves to dismiss Count 2 of Plaintiffs' Amended Complaint, which alleges contributory copyright infringement.  "The Copyright Act does not expressly render anyone liable for infringement committed by another."  *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 434 (1984).  But "[t]he absence of such express language in the copyright statute does not preclude the imposition of liability for copyright infringements on certain parties who have not themselves engaged in the infringing activity."  *Id.* at 435.  The Supreme Court has thus held that "doctrines of secondary liability [which] emerged from common law principles and are well established in the law," can give rise to liability for copyright infringement even if a party did not itself commit infringement.  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).

Courts recognize three types of liability for contributory infringement.  First, vicarious liability "attaches when the secondary infringer has an obvious and direct financial interest in the exploitation of copyrighted materials and the right and ability to supervise the direct infringer."  *Greer v. Moon*, 83 F.4th 1283, 1287 (10th Cir. 2023)

(internal quotation marks omitted) (citation omitted).  Second, under the "inducement rule," a party can be liable for "distribut(ing) a device with the object of promoting its use to infringe copyright," with an "affirmative intent" to encourage infringement.  *Id.*  Third, "contributory liability attaches when the defendant causes or materially contributes to another's infringing activities and knows of the infringement."  *Id.*

Plaintiffs have failed to plausibly allege that Sleep Number is liable under any of these three theories.  First, Plaintiffs plead no facts to support a finding that Sleep Number had the right or ability to supervise any of the alleged secondary infringers, and thus do not state a claim for vicarious liability.  Second, aside from the conclusory allegation that Sleep Number "knowingly induced . . . copyright infringement," (Am. Compl. ¶ 71), Plaintiffs have not alleged any facts demonstrating that Sleep Number affirmatively induced any other party into infringing conduct.  And third, Plaintiffs allege no facts to support its assertion that Sleep Number "possessed direct knowledge," (*id.* ¶ 72), of its contributory conduct, foreclosing contributory liability.  In sum, Plaintiffs' conclusory allegations that third parties obtained and published the Photograph are not sufficient to support their claim under Count 2.

The Court will therefore grant Sleep Number's motion to dismiss as to Plaintiffs' claim of contributory infringement.

### D.    Count 3: Digital Millenium Copyright Act

Count 3 of Plaintiffs' Amended Complaint alleges that Sleep Number "without permission or consent . . . knowingly and with the intent to conceal infringement,

-14-

intentionally removed the copyright management information from [the] Photograph before displaying" the Photograph.  (Am. Compl. ¶ 74.)  Plaintiffs claim that this conduct violated the Digital Millenium Copyright Act, 17 U.S.C. § 1202.

17 U.S.C. § 1202(b) provides that "[n]o person shall, without the authority of the copyright owner or the law . . . intentionally remove or alter any copyright management information," or "distribute . . . works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law."  Copyright management information is "information conveyed in connection with copies . . . of a work . . . including in digital form" such as "[t]he name of, and other identifying information about, the author of a work."  *Id.* § 1202(c).

In support of Count 3, Plaintiffs seem to rely solely on their allegation that Sleep Number failed to provide the attribution required under the Agreement.  But Plaintiffs never allege that Defendants "remove[d] or alter[ed]" any "copyright management information," from the Photograph, as is required for a claim under § 1202.  Accordingly, Plaintiffs have failed to state a claim as to Count 3, and the Court will grant Sleep Number's motion to dismiss as to Count 3.

## CONCLUSION

The Court concludes that Plaintiffs have standing and have stated a plausible claim for relief under Count 1 of the Amended Complaint.  The Court will therefore deny Sleep Number's Motion to Dismiss under Rule 12(b)(1) and under Rule 12(b)(6) as to Plaintiffs'

claim of copyright infringement.  However, Plaintiffs have failed to plausibly allege their other claims, and the Court will dismiss Count 2 without prejudice and Count 3 with prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Sleep Number Corporation's Motion to Dismiss Plaintiffs' First Amended Complaint (Docket No. [24]) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

   a. Defendant's Motion to Dismiss under Rule 12(b)(1) for Lack of Subject-Matter Jurisdiction is **DENIED**.

   b. Defendant's Motion to Dismiss under Rule 12(b)(6) as to Count 1, Copyright Infringement, is **DENIED**.

   c. Defendant's Motion to Dismiss under Rule 12(b)(6) as to Count 2, Contributory Infringement, is **GRANTED** and such claim is **DISMISSED without prejudice**.

   d. Defendant's Motion to Dismiss under Rule 12(b)(6) as to Count 3, Violation of 17 U.S.C. § 1202, is **GRANTED** and such claim is **DISMISSED with prejudice**.

2.  Defendant's Motion to Dismiss (Docket No. [10]) is **DENIED as moot**.


DATED: March 30, 2026
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

-17-